SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ALEJANDRO E. MORENO, Cal. Bar No. 256802
MELISSA A. FREELING, Cal. Bar No. 327684
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail  amoreno@sheppardmullin.com
      mfreeling@sheppardmullin.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS R. MAGILL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 21-1877<br>(Removed from San Francisco Superior Court, Case No. CGC-20-588327)<br><br>**<u>CLASS ACTION</u>**<br><br>**NOTICE OF REMOVAL**<br><br>[Declaration of Troy N. Benschoter In Support of Removal Filed Concurrently Herewith]<br><br>State Court Action Filed:  December 7, 2020 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") provides notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Wells Fargo hereby removes to this Court the state court class action styled as *Nicholas R. Magill, et al. v. Wells Fargo Bank, N.A., et al.,* San Francisco Superior Court Case No. CGC-20-588327. Filed concurrently herewith is the Declaration of Troy N. Benschoter in support of removal. The following is a listing of the pleadings to date and a short and plain statement of the grounds for removal:

## THE COMPLAINT

1. On December 7, 2020, Plaintiff Nicholas R. Magill ("Magill") filed a class action complaint against Defendant Wells Fargo in the Superior Court for the State of California, County of San Francisco, Case No. CGC-20-588327 (the "Complaint"). Magill did not serve the Complaint on Wells Fargo.

2. On February 8, 2021, Magill filed an Amended Class Action Complaint ("AC") in state court. Wells Fargo's counsel accepted service of the AC on behalf of Wells Fargo effective February 15, 2020. A copy of Magill's Notice of [Wells Fargo's] Agreement to Accept Service was filed on February 8, 2021.

3. Exhibit A contains all of the documents described above and the entire state court file to date.

4. Magill claims that Wells Fargo improperly charged him two non-sufficient funds fees ("NSF Fees") on what he claims was a single attempted Automated Clearing House ("ACH") payment that was rejected twice due to non-sufficient funds in

Plaintiff's account at the time of presentment. (AC ¶¶ 20-23.) Magill further claims that Wells Fargo misrepresents its alleged practice as disclosed in its account agreements and publicly-available marketing materials by charging multiple NSF and/or overdraft fees on the same transaction or "item." (*Id.*, ¶ 2.)

6. Magill brings two causes of action on behalf of himself and the proposed class, including (1) Breach of Contract Including the Covenant of Good Faith and Fair Dealing; and (2) Violation of California Business & Professions Code § 17200, *et seq*.

## THIS COURT HAS JURISDICTION UNDER CAFA

7. The Class Action Fairness Act ("CAFA") permits a class action defendant to remove where there is "minimal diversity of jurisdiction" between the plaintiffs and defendants — *i.e.* where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Minimal diversity of jurisdiction is present in this case because Magill is a citizen of California and Wells Fargo is a citizen of South Dakota.

8. Magill's AC is a putative class action complaint. 28 U.S.C. § 1332(d)(2).

9. For purposes of determining minimal diversity jurisdiction, Magill is a citizen of California. (AC ¶ 9.) Further, he seeks to represent a Class of "[a]ll holders of a Wells Fargo checking account in California who, within the applicable statute of limitations preceding the filing of this lawsuit, were charged Multiple Fees on the same item." (*Id.*, ¶ 56.)

10. Wells Fargo is not a citizen of California. Wells Fargo is a national association not organized under the laws of any state. National banks are "deemed citizens of the States in which they are respectively located." 28 U.S.C § 1348. For purposes of diversity jurisdiction, a national bank is "located" *only* in the state where the bank has designated its main office. *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that, under 28 U.S.C § 1348, "a national banking association is a citizen only of the state in which its main office is located," and further holding that "Wells Fargo [Bank N.A.] is a citizen only of South Dakota, where its main office is located"). Wells Fargo has designated its main office as located in South Dakota; accordingly, Wells Fargo is a citizen of South Dakota, and no other state for diversity purposes. *See id.*

11. Because Defendant Wells Fargo (who has South Dakota citizenship) and Magill (who has California citizenship) are citizens of different states, the minimal diversity requirement of CAFA is satisfied.

### THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000 AS PLED IN PLAINTIFF'S COMPLAINT AND DEMONSTRATED BY THE DECLARATION OF TROY BENSCHOTER

12. Jurisdiction under CAFA may exist when the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). To determine the amount in controversy under CAFA, the Court must aggregate the claims of all class members. *Id.* The amount in controversy is not apparent from the face of the Complaint or the AC. However, Magill claims Wells Fargo's alleged improper practices have caused its customers damages "to the tune of millions of dollars[.]" (AC ¶ 4.) In accordance with its own preliminary investigation, Wells Fargo has confirmed that the amount in controversy in this action exceeds $5,000,000.00. (Benschoter Decl. ¶ 11.)

13. Magill alleges individual damages in the amount of at least $35, which is the amount of the NSF Fee he allegedly incurred in connection with a transaction

that he claims was previously declined and assessed an NSF Fee and then re-presented for payment by the merchant at a later date, again declined, and assessed a second NSF Fee. (*See* AC ¶¶ 21, 22.)  Specifically, Magill alleges the "same item" that incurred a purportedly lawful NSF Fee was later re-presented for payment by the merchant, which caused the assessment of a second $35 NSF Fee on what he deems was the same transaction.  (*See id.*; and Prayer for Relief, (b).)

14.  Magill seeks to recover damages for the Class composed of any second NSF Fee or overdraft fee charged to California account holders on the "same item" after an initial NSF Fee has been assessed ("Multiple Fees") on a single transaction.  (*See id.*, ¶¶ 8, 56; Prayer for Relief, ¶ (b) – (d).)

15.  Magill alleges the Class definition set forth above in Paragraph 9 of this Notice of Removal.

16.  Magill alleges that the proposed Class consists of "thousands of members or more." (*Id.*, ¶ 60.)  As set forth in the Declaration of Troy Benschoter, Wells Fargo has conducted a preliminary investigation of both the size of Magill's alleged Class and the amount at issue in this litigation.  The Bank has preliminarily determined that there are in excess of 10,000 Wells Fargo account holders who fall within the definition of the proposed Class alleged in the AC.  (Benschoter Decl. ¶ 10.)

17.  Magill alleges that his claims are typical and representative of the claims of all members of the proposed Class.  (*See* AC ¶ 62.)

18.  Accordingly, assuming for purposes of this removal that Magill's alleged damages are typical of the damages sought by the proposed Class, and Magill seeks to recover an amount at least equal to the allegedly improper Multiple Fees claimed

in the AC on behalf of individuals residing in the State of California who meet the proposed definitions of the Class alleged in the AC, then Wells Fargo has preliminarily determined that the amount in controversy in this litigation is in excess of five million twenty thousand dollars ($5,020,000).  (Benschoter Decl., ¶ 11.)

## THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

19. <u>Proper District/Venue For Removal</u>.  Pursuant to 28 U.S.C. § 1446(a), Wells Fargo is filing this Notice of Removal in the U.S. District Court for the Northern District of California.  Because the state court action is pending in the Superior Court for the State of California, County of San Francisco, the U.S. District Court for the Northern District of California is the proper district for removal.

20. <u>The Removal Is Timely</u>.  The removability of this action cannot be determined from the face of the Complaint and/or the AC because these documents do not set forth the amount in controversy.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (defendants are not charged with "notice of removability until [they have] received a paper that gives them enough information to remove.").  Moreover, "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Medical Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  Rather, a defendant may remove pursuant to CAFA when it "discovers, based on its own investigation, that a case is removable." *See Kenny v. Walmart,* 881 F.3d 786, 791 (9th Cir. 2018) (citation omitted).  As a result of its own preliminary investigation, on or about March 16, 2021 Wells Fargo discovered that this action is removable.  (Benschoter Decl. ¶¶ 10-11.)  Moreover, Wells Fargo is removing this action within 30 days of its having been served with Magill's AC.  28 U.S.C. § 1446(b)(3).  Accordingly, the removal is timely.

21. <u>Wells Fargo Is The Only Defendant In This Action</u>. No other defendants are named in the AC.

## CONCLUSION

For these reasons, Defendant Wells Fargo respectfully requests that this Court proceed with this matter as if the AC had been originally filed in the U.S. District Court for the Northern District of California.

Dated: March 17, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   *s/Alejandro E. Moreno*
　　　ALEJANDRO E. MORENO

Attorneys for Defendant
WELLS FARGO BANK, N.A.